Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4006 | **DATE** | 7/26/2004 |
| **CASE TITLE** | NW Memorial Hospital vs. Vlg of S Chicago Heights | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, we grant Third-Party Defendants Pan-American and Sympson's motions to dismiss Northwestern's claims to the extent that they are based on ERISA. We grant the motions to dismiss the HIPAA claim in the defendant's Third-Party Complaint (Count III) for failure to state a claim. We dismiss all remaining state law claims in the complaint and the Third-Party complaint without prejudice. Pan-American's motion top compel arbitration is denied. All other pending dates and motions are stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 27 2004 | Document Number |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 73 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MW6 | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTHWESTERN MEMORIAL HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF SOUTH CHICAGO HEIGHTS HEALTH AND WELFARE FUND,<br><br>Defendant<br><br>VILLAGE OF SOUTH CHICAGO HEIGHTS HEALTH AND WELFARE FUND,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>PAN-AMERICAN LIFE INSURANCE COMPANY, SYMPSON & ASSOCIATES, INC., AND RON, PARADISO, individually and d/b/a PARADISO INSURANCE AGENCY,<br><br>Third-Party Defendants. | Case No. 03 C 4006 |

**MEMORANDUM OPINION**

DOCKETED
JUL 2 7 2004

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Third-Party-Defendant Pan-American Life

1

Insurance Company's ("PA") and Third-Party-Defendant Sympson & Associates, Inc.'s ("Sympson") motions to dismiss Plaintiff Northwestern Memorial Hospital's ("Northwestern") claim against Defendant Village of South Chicago Heights Health and Welfare Fund (the "Fund") and to dismiss the Fund's Third-Party complaint for lack of subject matter jurisdiction. In the alternative, Sympson moves to dismiss the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and PA requests the court to compel arbitration between PA and the Fund. For the reasons stated below, we grant the motions to dismiss and deny the motion to compel arbitration.

## BACKGROUND

From August 22, 2000 until October 4, 2000, Mary Jo Boyd ("Boyd") received medical treatment from Northwestern allegedly costing $265,183.37. At the time, Boyd was an employee of the Village of South Chicago Heights (the "Village") and an eligible participant in its employee group health benefit plan provided by the Fund. She allegedly assigned her rights under the Fund over to Northwestern on August 22, 2000. Around October 4, 2000, Northwestern sought compensation from the Fund for the medical costs related to Boyd's treatment, allegedly making several oral and written demands for payment, but was never paid. According to the Fund, Boyd's medical costs qualified for reimbursement under its stop-loss and excess coverage offered by PA and Sympson.

The Fund's stop-loss and excess coverage provided by PA through its agent,

2

Sympson, continued through August 2000. The Fund alleges that, as was customary practice between the parties, the annual renewal of the coverage was approved after the end of the plan year, without interruption in coverage. The renewal quote for the next year's coverage was passed on to Ron Paradiso, individually and d/b/a Paradiso Insurance Agency (collectively referred to as "Paradiso"), who would then forward it to the Fund. In August 2000, Paradiso received the renewal quote but did not send it to the Fund for approval. Before the end of the coverage year, the Fund submitted the renewal application directly to Sympson along with a claim for reimbursement for Boyd's claim. Allegedly, PA and Sympson did not accept the claim without indicating a reason why it was rejected. PA did not renew the Fund's coverage for the 2000-2001 year, which according to the Fund, was because of the costly claims for Boyd's medical treatment and a desire for increased profits.

On November 14, 2003, Northwestern filed a complaint against the Fund to seek payment for its medical services, pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq.* ("ERISA"). The Fund then filed a four-count Third-Party Complaint against PA, Sympson and Paradiso. The Fund alleges a breach of contract claim against PA and Sympson (Count I), a breach of fiduciary duty claim against Paradiso (Count II), a Health Insurance Portability and Accountability Act claim against PA and Sympson ("HIPAA"), 42 U.S.C. § 300gg, *et seq.*, (Count III), and an indemnification claim against each of the Third-Party Defendants if found liable to Northwestern (Count IV).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). When reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citing *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993)). For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). However the burden of proof in a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears

4

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998);*Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, establish each element of a "cause of action.'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

### I. ERISA Claim in Northwestern's Complaint

Third-Party-Defendants PA and Sympson move to dismiss Northwestern's claim against the Fund. Defendants argue that the Northwestern cannot assert an

5

ERISA claim against the Fund because the Fund is a governmental plan. ERISA is a federal statute designed to protect "the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b). Accordingly, a participant or a beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Yet some types of plans do not fall within ERISA's coverage, including governmental plans. *Shannon v. Shannon*, 965 F.2d 542, 546 (7th Cir. 1991). Pursuant to 29 U.S.C. § 1003(b) ERISA does not "not apply to any employee benefit plan if . . .such plan is a governmental plan (as defined in section 1002(32) of this title). . . ." 29 U.S.C. § 1003(b). A governmental plan is defined as "a plan established or maintained for its employees . . . by the government of any State or political subdivision thereof . . . ." 29 U.S.C. § 1002(32).

Northwestern claims that the Fund was provided to employees of the Village. In its Third-Party Complaint, the Fund states that the Village was an "Illinois municipal corporation [that] sponsored by means of the Fund, a self-insured employee welfare benefit plan . . ." (T-P Compl. 1). In its reply to the motions to dismiss, the Fund again states that the Village was "a political subdivision of the State of Illinois existing pursuant to the Municipal Code of the State of Illinois" and concedes that both the Complaint and its Third-Party Complaint should be dismissed because the Fund was a governmental plan. (Def. Reply 3). Northwestern alleges in its own complaint that the Fund was maintained for employees of the Village. (Compl. 2). Northwestern did not file an answer brief to the Third-Party Defendants'

6

motions to dismiss, to refute the assertions that the Fund was a governmental plan. Northwestern based its suit solely upon ERISA, but has not asserted that the Plan which was provided to was other than a governmental plan and has not sought to challenge Third-Party-Defendant's contentions in this regard. *See Krystyniak v. Lake Zurich Community Unit District No. 95*, 783 F. Supp. 354, 356 (N.D. Ill. 1991)(indicating that federal claims against such governmental plans based solely on ERISA must be dismissed for lack of subject matter jurisdiction, when these governmental plans do not include participation by non-governmental employers.); *Issa v. Chicago Hous. Auth.*, 2002 WL 909279 at *2 (N.D. Ill. 2002)(indicating the same). Therefore, we grant the motions to dismiss Northwestern's complaint to the extent that it is based upon ERISA.

## II. HIPAA Claim in Fund's Third-Party Complaint

PA and Sympson also move to dismiss the Fund's Third-Party Complaint for lack of subject matter jurisdiction. We note that in the Fund's Reply to PA's motion to dismiss, the Fund concurs that its Third-Party Complaint must be dismissed pursuant to 12(b)(1). In the alternative, Sympson moves to dismiss the three counts alleged against it for failure to state a cause of action and PA moves to compel arbitration, if subject matter jurisdiction over the claims is found. We first consider which Counts are based on federal subject matter jurisdiction and which are premised on state claims pursuant to supplemental jurisdiction.

In Count III, the Fund asserts that in refusing to renew its health care

7

coverage, PA and Sympson violated provisions of HIPAA that guarantees coverage renewability, or in the alternative, limits exclusions for preexisting conditions and prohibits discrimination against individual participants based on health status. The Fund asks the Court to issue an order declaring that PA and Sympson have violated provisions of HIPAA and to mandate that they reimburse the Fund for Boyd's healthcare costs. However, HIPAA does not provide for a private cause of action. *Swift v. Lake Park High School Dist. 108*, 2003 WL 22388878, at *4 (N.D. Ill. 2003). Only the proper state authorities or the Secretary of Health and Human Services may bring forth a HIPAA enforcement action. *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F.Supp.2d 1176, 1180 (D. Wyo. 2001). As a private party, the Fund does not have standing or authority to bring forth a HIPAA claim. The Fund did not file a brief in response to Defendants' arguments. Since no set of facts would entitle the Fund to relief under HIPAA, Count III must be dismissed for failure to state a claim upon which relief may be granted.

III. Remaining Claims

To the extent that Northwestern's complaint alleges any state law claims and to the extent that there are remaining state law claims in the Third-Party complaint such as Count I for breach of contract, Count II for breach of fiduciary duty, and Count IV for indemnification, we may retain jurisdiction over the claims only under supplemental jurisdiction. If a district court has original subject matter jurisdiction in a civil case, the court also has "supplemental jurisdiction over all other claims that

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Generally, in an action based upon federal question subject matter jurisdiction, once the federal claims are no longer viable before trial, "the federal district court should relinquish jurisdiction over the supplemental claim." *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997). We find that it would not be appropriate to retain the claims under supplemental jurisdiction and therefore we dismiss the remaining state law claims in the complaint and in the Third-Party complaint without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant Third-Party Defendants PA's and Sympson's motions to dismiss Northwestern's claims to the extent that they are based on ERISA. We grant the motions to dismiss the HIPAA claim in the Fund's Third-Party Complaint (Count III) for failure to state a claim. We dismiss all remaining state law claims in the complaint and the Third-Party complaint without prejudice. All other pending motions are denied as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 26, 2004